**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **JOSE V. PINEDA-ROMERO,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-257-KC** |
| | § | |
| **SAMUEL OLSON et al.,** | § | |
| | § | |
| **Respondents.** | § | |

## SHOW CAUSE ORDER

On this day, the Court considered Jose V. Pineda-Romero's Petition for a Writ of Habeas Corpus, ECF No. 1. Pineda-Romero is held in immigration detention at the ERO El Paso Camp East Montana facility in El Paso, Texas. *Id.* ¶¶ 9–10. He argues that his detention is unlawful and asks the Court to order his release or a bond hearing. *Id.* ¶¶ 32–35; *id.* at 6.

Pineda-Romero has been in the country since 2019 and appears to have been apprehended and detained by immigration authorities for the first time on October 17, 2025. *Id.* ¶¶ 2, 4, 21–23. Apart from a 2024 arrest for driving under the influence, *see id.* ¶ 6, as alleged, Pineda-Romero's case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g.*, *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21, 2025). Of course, Respondents are nevertheless permitted to state their position before a ruling. In doing so, Respondents are encouraged to avoid boilerplate arguments that this Court has already rejected. Absent new authority, they may assume that the Court's position on the law has not changed and explain whether the facts of Pineda-Romero's case warrant a different outcome.

Accordingly, Respondents are **ORDERED** to **SHOW CAUSE** by <u>**no later than**</u> <u>**February 10, 2026**</u>, why the application for a writ of habeas corpus should not be granted.  *See Lopez-Arevelo v. Ripa*, No. 3:25-cv-337-KC, 2025 WL 3254930, at *2 & n.1 (W.D. Tex. Aug. 26, 2025).  The Court will set this matter for a hearing and order additional briefing deadlines, if necessary, upon review of the show cause response.

**IT IS FURTHER ORDERED** that to the extent Respondents have not been served, the Clerk of the Court shall **SERVE** copies of the Petition and this Order upon Respondents through their counsel.  *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] . . . .").

**SO ORDERED**.

**SIGNED** this 3rd day of February, 2026.

KATHLEEN  CARDONE
UNITED STATES DISTRICT JUDGE

2