**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **JOSE V. PINEDA-ROMERO,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | |
| | § | **CAUSE NO. EP-26-CV-257-KC** |
| **SAMUEL OLSON et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**<u>FINAL JUDGMENT</u>**

On this day, the Court considered the case.  On February 12, 2026, the Court granted in part Jose V. Pineda-Romero's Petition for Writ of Habeas Corpus and ordered Respondents to either (1) provide him with a bond hearing before an IJ, at which the Government was to bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, his continued detention; or (2) release him from custody, under reasonable conditions of supervision. Feb. 12, 2026, Order 6, ECF No. 5.  Respondents have now informed the Court that, on February 19, 2026, an Immigration Judge ("IJ") denied Pineda-Romero bond because "DHS has met its burden on flight risk and bond would not effectively ameliorate that risk."  Status Report 1, ECF No. 6; *see id.* Ex. A ("IJ Order") at 1, ECF No. 6-1.  Thus, Pineda-Romero remains detained. Status Report.

Pineda-Romero has now filed a Motion to Enforce Judgment, ECF No. 7, arguing that Respondents failed to comply with the Court's February 12 Order because "[t]he Immigration Judge ignored the Court's clear guidance" and, instead, "extrapolate[d] flight risk as a determinative factor."  *Id.* ¶ 10.  Pineda-Romero argues that the IJ incorrectly assessed his flight risk, giving little weight to evidence of his United States citizen child's debilitating disease, and

relying, instead, on Pineda-Romero's ineligibility for asylum and his pending criminal case. *See id.* ¶¶ 4–7, 10–13.

This Court lacks jurisdiction to sit in review of an IJ's discretionary finding that an alien is a flight risk and therefore should be denied bond. *See Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 678–79 (W.D. Tex. 2025) (citing 8 U.S.C. § 1226(e)). Here, at the February 12 bond hearing, the IJ made factual findings regarding Pineda-Romero's flight risk. Whether the Court agrees with the IJ's flight risk determination is of no importance—the Court simply lacks jurisdiction to review such a discretionary finding. *See id.*

Therefore, it appears that that no matters remain pending for the Court's consideration. *See generally* Pet., ECF No. 1; Feb. 12, 2026, Order.

Accordingly, the Court ORDERS that the Motion, ECF No. 7, is **DENIED**.

The Clerk shall close the case.

**SO ORDERED**.

SIGNED this 20th day of February, 2026.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE